PROB 12C
(6/16)

Report Date: October 22, 2020

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 22, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Steven Todd Kacy Roberts           Case Number: 0980 4:15CR06040-SMJ-1

Address of Offender:                Kennewick, Washington 99337

Name of Sentencing Judicial Officer:  The Honorable Salvador Mendoza, Jr., U.S. District Judge

Date of Original Sentence: June 24, 2016

Original Offense:      Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) and 924(a)(2)

Original Sentence:     Prison - 51 months;              Type of Supervision: Supervised Release
                       TSR - 36 months

Asst. U.S. Attorney:   Ian Garriques                    Date Supervision Commenced: June 7, 2019

Defense Attorney:      Craig Webster                    Date Supervision Expires: June 6, 2022

## PETITIONING THE COURT

To issue a warrant and to incorporate the violations contained in this petition in future proceedings with the violation previously reported to the Court on 4/6/2020.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number          Nature of Noncompliance

       3                  **Special Condition #20**: Defendant shall abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

                          **Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by using a controlled substance, methamphetamine, on or prior to August 24, 2020.

                          On June 12, 2019, the offender signed his Judgement in a Criminal Case stating he understood he could not use illegal controlled substances.

                          On August 20, 2020, the offender had reported to First Step Community Counseling and was directed to provide a random drug test. The offender stated he was not able to provide the sample and asked for approval to leave, pick up some paperwork from his home, and then return to provide the sample. Staff advised the offender he had 45 minutes to provide the sample or it would be considered a refusal. The offender walked outside the building and left.

On August 24, 2020, this officer made contact by phone with the offender regarding the incident at First Step Community Counseling. He admitted he had been using methamphetamine.

4     **Special Condition #20**: Defendant shall abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by using a controlled substance, methamphetamine, on or prior to September 9, 2020.

On June 12, 2019, the offender signed his Judgement in a Criminal Case stating he understood he could not use illegal controlled substances and he needed to report for random drug testing as directed.

As noted within Violation 3, the offender had admitted to using methamphetamine on or prior to August 24, 2020. To address the drug use, the offender was directed to speak with his counselor at First Step Community Counseling and return to treatment. As part of the treatment process, a random drug test was completed on September 9, 2020. The sample was sent to Cordant Laboratories where it was confirmed positive for the presence of methamphetamine on September 12, 2020.

5     **Special Condition #21**: Defendant shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by aborting inpatient chemical dependency treatment on or prior to October 13, 2020.

On June 12, 2019, the offender signed his Judgement in a Criminal Case stating he understood he needed to comply with recommended chemical dependency treatment.

Due to the offender's continued methamphetamine use, he was assessed as needing inpatient chemical dependency treatment. The offender agreed with the assessment and entered Sundown M Ranch in Yakima on October 10, 2020. The offender aborted treatment on October 13, 2020, after failing to comply with treatment, becoming verbally abusive, and threatening toward staff. Sundown M Ranch indicated they will no longer provide services to the offender due to the threatening statements and actions he took while in treatment. The Discharge Summery from Sundown M Ranch states, "Steven arrived in withdrawal and was very agitated and verbose, not wanting to be in treatment. No resolution he left prior to stabilization and education. Needs inpatient completion."

The offender was contacted on October 17, 2020, by telephone. He admitted to leaving Sundown M Ranch and advised he was staying with a friend in Kennewick.

Prob12C
**Re: Roberts, Steven Todd Kacy**
**October 22, 2020**
**Page 3**

| | | |
|---|---|---|
| 6 | | **Special Condition #20**: Defendant shall abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

<blockquote>

**Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by using a controlled substance, methamphetamine, on or prior to October 21, 2020.

On June 12, 2019, the offender signed his Judgement in a Criminal Case stating he understood he could not use illegal controlled substances.

On March 20, 2020, the offender signed his Treatment Services Contract Plan acknowledging he understood he was to call Merit Resource Services (Merit) daily and report for random drug testing when the color Gold was noted.

On October 20, 2020, the color Gold was noted, but the offender failed to report to Merit for drug testing. Telephone contact was made with the offender on October 21, 2020, and he was directed to report to Merit to provide a drug test. The offender was asked if the sample would return positive or negative. He admitted the sample would return positive for methamphetamine. The offender reported to Merit as directed and the sample returned presumptive positive for methamphetamine. The offender signed an Admission of Drug Use form at Merit admitting he had used methamphetamine.

</blockquote>

The U.S. Probation Office respectfully recommends the Court issue a warrant and incorporate the violations contained in this petition with the violations previously reported to the Court on April 6, 2020.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/22/2020

s/David L. McCary

David L. McCary
U.S. Probation Officer

Prob12C
**Re: Roberts, Steven Todd Kacy**
**October 22, 2020**
**Page 4**

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[X]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

_____
Signature of Judicial Officer

10/22/2020
Date